# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE WILLIAM WALDMAN,**

    **Plaintiff,**

vs.                                      Case No. 4:09cv441-SPM/WCS

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff has also filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, supported by an affidavit of financial status. Good cause having been shown, Plaintiff's motion for *in forma pauperis* status is granted.

Plaintiff's complaint is against the State of Florida and Plaintiff seeks monetary damages of one hundred million dollars. Doc. 1. Plaintiff claims that he has been denied the right to work because he is a commercial fisherman and in 1995 the State "banned the use of commercial nets. . . ." *Id.*, at 3.

It is noted, although unnecessary to this decision, that in a challenge brought by a group of commercial fishermen, the Florida Supreme Court rejected the argument that fishermen had been "deprived of a fundamental liberty interest and property interest and that . . . .personal property ha[d] been taken without just compensation." Lane v. Chiles, 698 So.2d 260 (Fla. 1997).[1]

However, a claim against the State of Florida seeking only monetary damages is not viable. It is well established that the Eleventh Amendment is an absolute bar to a § 1983 suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974). This § 1983 suit against the State of Florida is barred by the Eleventh Amendment, unless one of three exceptions applies. The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dept. of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986). Waiver may be either by the State or Congress may override a

---

[1] The Court concluded that the amendment accomplished a legitimate government objective in conserving marine resources, and was rationally related to that objective. *Id.*, at 264. The Court further noted that commercial fisherman are not completed prevented "from engaging in their chosen profession." *Id.* The net ban does not prohibit the use of nets beyond a territorial boundary, and allows the use of smaller sized nets without the boundary. *Id.* Furthermore, in 1999, the Florida First District Court of Appeal upheld the rules created by the Florida Marine Fisheries Commission to implement article X, section 16 of the Florida Constitution (known as the "Net Ban Amendment") and several Florida statutes, § 370.025(2),§ 370.027. Pringle v. Marine Fisheries Com'n, 732 So.2d 395 (Fla. 1st DCA 1999); *see also* State v. Kirvin, 718 So.2d 893 (Fla., 1st DCA 1998)(finding the Constitutional provisions were not unconstitutionally vague).

state's immunity pursuant to its power under § 5 of the Fourteenth Amendment.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999).  Congress has not abrogated a state's immunity in enacting § 1983.  Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).  Neither has Florida waived its Eleventh Amendment sovereign immunity and consented to suit in federal court under § 1983.  Gamble, 779 F.2d at 1520.

The third remaining exception to this constitutional bar is through Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  *See* Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal court); Sandoval v. Hagan, 197 F.3d 484, 492 (11th Cir. 1999), *citing* Summit Medical Assoc. v. Pryor, 180 F.3d 1326, 1336-38 (11th Cir. 1999).  That exception does not apply because Plaintiff has not sought injunctive relief.  Plaintiff has only sought monetary damages.

Here, even if Plaintiff *did* seek injunctive relief, his claim could not proceed. Plaintiff alleges that the State banned the use of certain commercial nets in 1995.  Any claim challenging action which took place approximately fourteen years ago is barred by the statute of limitations.  A § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188,

*citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Because Plaintiff is challenging action by the State which took place considerably more than four years ago, Plaintiff's claims are barred by the statute of limitations and must be dismissed.[2]

Because Plaintiff's claims are barred by the statute of limitations, and because the State of Florida is protected by Eleventh Amendment immunity in this action seeking only monetary damages, this case should be dismissed.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc.2, is **GRANTED**.

2. The Clerk shall file the complaint without payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as barred by the statute of limitations and because the State of Florida is entitled to Eleventh Amendment immunity.

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2009.

                              s/ William C. Sherrill, Jr.
                              **WILLIAM C. SHERRILL, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] While Plaintiff alleged that in "1995, the State banned the use of commercial nets," doc. 1, p. 3, the Constitutional amendment was adopted in 1994, and took effect on July 1, 1995. Art. 10, § 16(h), Fla. Const.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**